THE HONORABLE ROBERT S. LASNIK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MARK R. PERCIVAL as the Administrator of the Estate of Marion R. Wilson, deceased; and WILLIAM L.E. DUSSAULT as Litigation Guardian ad Litem of R.S.C. and S.D.C, minor children,

Plaintiffs,

v.

GENERAL ELECTRIC COMPANY, a New York corporation; ALL-CLAD METALCRAFTERS, L.L.C; a Delaware corporation; and ALBERT LEE, INC., d/b/a ALBERT LEE APPLIANCE, a Washington corporation,

Defendants.

NO. CO9-1802 RSL

DECLARATION OF WILLIAM J. LEEDOM IN SUPPORT OF DEFENDANT ALL-CLAD'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' NEGLIGENT INFLICTION OF EMOTION DISTRESS CLAIMS

**WILLIAM J. LEEDOM**, upon penalty of perjury, declares as follows:

1. I am one of the attorneys for Defendant All-Clad Metalcrafters, L.L.C. I am over the age of 18, competent to testify as to the facts stated herein, and make this declaration based on my personal knowledge.

2. Attached as Exhibits are true and correct copies of the following:

DECLARATION OF WILLIAM J. LEEDOM IN
SUPPORT OF DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT DISMISSAL –
C09-1802RSL Page 1

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

Exhibit 1: Plaintiffs' Complaint for Damages, filed June 19, 2009.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

DATED this 3rd day of February, 2010.

_____
William J. Leedom

DECLARATION OF WILLIAM J. LEEDOM IN
SUPPORT OF DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT DISMISSAL –
C09-1802RSL  Page 2

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

# EXHIBIT 1

RECEIVED
In King County Superior Court Clerk's Office
JUN 1 9 2009
Cashier Section
Superior Court Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

MARK R. PERCIVAL as the Administrator of the Estate of Marion R. Wilson, deceased; and WILLIAM L.E. DUSSAULT as Litigation Guardian ad Litem of R.S.C. and S.D.C, minor children,

Plaintiffs,

v.

GENERAL ELECTRIC COMPANY, a New York corporation; ALL-CLAD METALCRAFTERS, L.L.C; a Delaware corporation; and ALBERT LEE, INC., d/b/a ALBERT LEE APPLIANCE, a Washington corporation,

Defendants.

NO. 09-2-23306-3 KNT

COMPLAINT FOR DAMAGES

RECEIVED
JUL  7 2009
RAY BONANNI

PLAINTIFFS ALLEGE AS FOLLOWS:

I.  PARTIES

1.  Plaintiff Mark R. Percival, who is a resident of Ohio, is the duly appointed

COMPLAINT FOR DAMAGES – 1

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8325  Fax: 206/223-8224

1  Administrator of the Estate of Marion R. Wilson, deceased, and by order of the Probate Court of
2  Stark County, Ohio, dated October 3, 2008 (Case No.204217) is authorized to commence and
3  maintain this action on behalf of the Estate of Marion R. Wilson and the statutory beneficiaries.
4  Decedent is survived by her adult children Fred Scott Wilson, Martha Core, and Marion Rose Rich.

5      2. Plaintiff William L.E. Dussault, a resident of King County, is the duly appointed
6  Litigation Guardian ad Litem of R.S.C. and S.D.C., minor children by Order of the Superior Court of
7  King County dated May 1, 2009 (Cause No. 09-4-02381-3 KNT). Pursuant to said Order, William
8  L.E. Dussault is authorized to commence and maintain this action on behalf of R.S.C. and S.D.C.
9  (R.S.C. and S.D.C. are the grandsons of decedent Marion R. Wilson.)

10      3. Defendant General Electric Company is a foreign corporation incorporated under the
11  laws of the State of New York. General Electric Company (hereinafter "G.E.") was at all relevant
12  times doing business in Washington State by designing, engineering, testing, manufacturing,
13  exporting, importing, marketing, distributing and/or selling products in Washington State.

14      4. Defendant All-Clad Metalcrafters, L.L.C. is a foreign corporation, incorporated under
15  the laws of the State of Delaware with a principal place of business in Canonsburg, Pennsylvania.
16  All-Clad Metalcrafters, L.L.C. (hereinafter "All-Clad") was at all relevant times doing business in
17  Washington State by designing, engineering, testing, manufacturing, exporting, importing marketing,
18  distributing, and selling products in Washington State.

19      5. Defendant Albert Lee, Inc. d/b/a, Albert Lee Appliance (hereinafter Albert Lee) is a
20  corporation organized and existing under the laws of the State of Washington, with a principal place
21  of business located in Tukwila, King County, Washington. The defendant regularly conducts
22  business in Washington State.

23      II.    JURISDICTION AND VENUE

24

COMPLAINT FOR DAMAGES – 2

6. Defendant G.E. was at all relevant times doing business in Washington State by exporting, importing, marketing, distributing, advertising, and selling consumer goods and products including the exporting, importing, marketing, distributing, advertising, and selling of kitchen appliances including cooktops in Washington State.

7. Defendant All-Clad was at all relevant times doing business in Washington State by exporting, importing, marketing, distributing, advertising, and selling consumer goods and products including the exporting, importing, marketing, distributing, advertising, and selling of cookware including griddles in Washington State.

8. Defendant Albert Lee was at all relevant times doing business in Washington State by exporting, importing, marketing, distributing, advertising, and selling consumer goods and products including the exporting, importing, marketing, distributing, advertising, and selling of kitchen appliances in Washington State.

9. This court has jurisdiction over the parties and the subject matter of this action pursuant to RCW 4.28.185.

10. Venue is proper in King County pursuant to RCW 4.12.025 because Defendant Albert Lee transacts business, has offices for the transaction of business, and transacted business in King County, Washington at the time this cause of action arose.

### III. FACTS

11. On July 24, 2008, Marion Wilson was visiting her daughter Martha Core in Everett, WA. During that morning while preparing pancakes using an All-Clad griddle at the Cores' home in Everett, Marion Wilson's clothing caught on fire from the flames emanating from the General Electric Profile cooktop (Model No. JGP963SEJ1SS) in the Core home. Her 12 year old and 13

COMPLAINT FOR DAMAGES – 3

year old grandsons saw her burning from the fire. Once the fire was extinguished, and paramedics arrived at the Core home, Marion Wilson was transported to the hospital. As a result of the fire, Marion Wilson sustained serious burns ultimately resulting in her death on September 5, 2008.

## IV.   CLAIM FOR RELIEF

### FIRST CAUSE OF ACTION
### (General Electric Corporation)

12. Plaintiffs reallege the allegations made in paragraphs 1-11 and incorporate the same by reference as though fully set forth herein.

13. In violation of the Washington Product Liability Act, RCW 7.72, et seq., at the time the General Electric Profile gas cooktop left the control of the manufacturer, it was defective and not reasonably safe for reasons that include, but are not limited to, the following:

    a. The General Electric Profile gas cooktop was not reasonably safe in its design, including but not limited to the following:

        i. The proximity of the front of the burner to the edge of the counter;

        ii. Improper ventilation for flame performance; leads to flame roll-out;

        iii. Flame roll-out will not go toward operator if shape of top panel is changed.

    b. The General Electric Profile gas cooktop was unsafe to an extent beyond that which would be contemplated by an ordinary user;

    c. At the time of manufacture, the likelihood that the General Electric Profile gas cooktop would cause injury or damage similar to that suffered by Plaintiff, and the seriousness of such injury or damage, outweighed the burden on the manufacturer to design a cooktop that would

COMPLAINT FOR DAMAGES -- 4

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8525  Fax: 206/223-8224

1 have prevented Marion Wilson's injuries and outweighed the adverse effect that an alternative design that was practical and feasible would have on the usefulness of the General Electric Profile gas cooktop;

  d. The General Electric Profile gas cooktop was not reasonably safe because adequate warnings or instructions were not provided with the cooktop about the risks, dangers, and harms presented by the cooktop, including but not limited to warnings related to use of cookware on the cooktop, and in the instructions provided with the cooktop;

  e. The General Electric Profile gas cooktop was not reasonably safe because adequate warnings or instructions were not provided after the cooktop was manufactured; and

  f. The likelihood that the General Electric Profile gas cooktop would cause injuries similar to Marion Wilson's injuries and the seriousness of those injuries rendered the warnings or instruction of the manufacturer inadequate, and the manufacturer could have provided adequate warnings or instructions.

14. As a direct and proximate result of the tortious conduct of Defendant G.E., Marion Wilson sustained serious injuries leading to her death and resulting in damages to Plaintiffs.

15. The General Electric Profile gas cooktop was not reasonably safe because it did not conform to the manufacturer's express warranties and implied warranties.

## SECOND CAUSE OF ACTION
(All-Clad Metalcrafters, L.L.C.)

16. Plaintiffs reallege the allegations made in paragraphs 1-15 and incorporate the same by reference as though fully set forth herein.

COMPLAINT FOR DAMAGES – 5

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8525  Fax: 206/223-8224

17. In violation of the Washington Product Liability Act, RCW 7.72, et seq., at the time the All-Clad griddle left the control of the manufacturer, it was defective and not reasonably safe for reasons that include, but are not limited to, the following:

   a. The All-Clad griddle was not reasonably safe in its design including but not limited to its failure to allow for proper ventilation and circulation of air flow when used on a cooking appliance, including the G.E. cooktop;

   b. The All-Clad griddle was unsafe to an extent beyond that which would be contemplated by an ordinary user;

   c. At the time of manufacture, the likelihood that the All-Clad griddle would cause injury or damage similar to that suffered by Marion R. Wilson and the Plaintiffs, and the seriousness of such injury or damage, outweighed the burden on the manufacturer to design a griddle that would have prevented Marion Wilson's injuries and Plaintiffs' damages, and outweighed the adverse effect that an alternative design that was practical and feasible would have on the usefulness of the All-clad griddle;

   d. The All-Clad griddle was not reasonably safe because adequate warnings or instructions were not provided with the griddle about the risks, dangers, and harms presented by the griddle, including but not limited to warnings related to its use on the General Electric gas cooktop;

   e. The All-Clad griddle was not reasonably safe because adequate warnings or instructions were not provided after the griddle was manufactured; and

   f. The likelihood that the All-Clad griddle would cause injuries similar to Marion Wilson's injuries and the seriousness of those injuries rendered the warnings or instruction of the manufacturer inadequate, and the manufacturer could have provided adequate warnings or instructions.

COMPLAINT FOR DAMAGES – 6

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8525   Fax: 206/223-8224

As a direct and proximate result of the tortious conduct of Defendant All-Clad, Marion Wilson sustained serious injuries leading to her death and resulting in damages to Plaintiffs.

18. The All-Clad griddle was not reasonably safe because it did not conform to the manufacturer's express warranties and implied warranties.

### THIRD CAUSE OF ACTION
(Albert Lee, Inc.)

19. Plaintiffs reallege the allegations made in paragraphs 1-18 and incorporate the same by reference as though fully set forth herein.

20. Defendant Albert Lee, Inc. was at all times material hereto engaged in the sale, distribution, and marketing of consumer appliances for the home including the subject General Electric Profile gas cooktop purchased by Martha Core and her husband Robert Core.

21. Defendant Albert Lee, Inc. had a duty to use reasonable care to provide products which would be safe when used.

22. Defendant Albert Lee, Inc. knew or should have known that its products would be purchased and used by consumers who expected the products to be safe.

23. As a retailer/seller of kitchen appliances to the general public, Defendant Albert Lee, Inc. had a duty to use reasonable care to provide information and warnings to consumer/users, regarding hazards associated with the use or operation of the General Electric Profile gas cooktop of which it was aware, or should have been aware in the exercise of reasonable care.

24. Defendant Albert Lee, Inc. knew or should have known that the General Electric Profile gas cooktop was not reasonably safe.

COMPLAINT FOR DAMAGES – 7

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8525   Fax: 206/223-8224

25. Defendant Albert Lee, Inc. breached its duty to Plaintiffs and decedent by failing to instruct or warn as to the hazards associated with operating the General Electric Profile gas cooktop at the time of the sale of the subject cooktop.

26. Defendant Albert Lee, Inc. was negligent in selling a cooktop which it knew or should have known was dangerous and not reasonably safe.

27. As a direct and proximate result of the tortious conduct of Defendant Albert Lee, Inc. Marion Wilson sustained serious injuries leading to her death and resulting in damages to Plaintiffs.

28. The General Electric Profile gas cooktop was not reasonably safe because it did not conform to defendant's express warranties or to the implied warranties under Title 62A RCW.

### FOURTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

29. Plaintiffs reallege the allegations made in paragraphs 1-28 and incorporate the same by reference as though fully set forth herein.

30. Defendants negligently inflicted emotional distress upon R.S.C. and S.D.C., minor grandchildren of Marion R. Wilson, by failing to design a reasonably safe cooktop and griddle and by failing to provide adequate warnings or instructions with the cooktop and griddle about the risks, dangers, and harms presented by the cooktop and griddle, especially when used together. R.S.C. and S.D.C. suffered extreme and severe emotional distress as they witnessed their grandmother being engulfed by fire as a result of using the subject products.

### V. PROXIMATE CAUSE/DAMAGES

COMPLAINT FOR DAMAGES - 8

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8525   Fax: 206/223-8224

31. The statutory beneficiaries and the estate of Marion Wilson sustained damages as a result of her death pursuant to RCW 4.20.010, 4.20.020, and 4.20.060.

32. As a direct and proximate result of the above-described incident, the statutory beneficiaries have sustained and will continue to sustain a loss of love, affection, care, services, companionship, society, and consortium of Marion Wilson.

33. Decedent Marion Wilson suffered extreme conscious pain and suffering due to the incident and injuries incurred as a result of the subject incident.

WHEREFORE, plaintiffs pray for judgment as follows:

1. For general damages as shall be determined at the time of trial;

2. For special damages to be shown at the time of trial, including all pre-judgment interest allowed by law; and

3. Such other and further relief as is appropriate under the pleadings and the proof.

DATED this 19 day of June, 2009.

LAW OFFICES OF JAMES S. ROGERS

James S. Rogers, WSBA #5335
William H. Waechter, WSBA No. 20602
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES – 9

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8525  Fax: 206/223-8224