THE HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK R. PERCIVAL as the Administrator of the Estate of Marion R. Wilson, deceased; and WILLIAM L.E. DUSSAULT as Litigation Guardian ad Litem of R.S.C. and S.D.C, minor children,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, a New York corporation; ALL-CLAD METALCRAFTERS, L.L.C; a Delaware corporation; and ALBERT LEE, INC., d/b/a ALBERT LEE APPLIANCE, a Washington corporation,<br><br>Defendants. | Case No.: C09-1802 RSL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ALL-CLAD'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS**<br><br>**NOTE ON MOTION CALENDAR:<br>March 5, 2010**<br><br>**ORAL ARGUMENT REQUESTED** |

Comes Now R.S.C and S.D.C., minors, by and through their duly appointed Litigation Guardian Ad Litem William L.E. Dussault and their attorneys William H. Waechter and James S. Rogers and respond to defendant All-Clad's Motion for Summary Judgment.

PLAINTIFFS' OPPOSITION TO DEFENDANT ALL-CLAD'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' NEGLIGENT INFLICITION OF EMOTIONAL DISTRESS CLAIMS– 1
C09-1802 RSL

**LAW OFFICES OF
JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98104
Ph:  206/621-8525    Fax:  206/223-8224

## I. RELIEF REQUESTED

Defendant's motion should be denied. Whether a bystander is an appropriate person to bring a negligent infliction of emotional distress (NEID) claim requires an evaluation of the relationship between the plaintiff and the victim. Defendant All-Clad knows nothing about the relationship between Marion Wilson (deceased) and her grandsons R.S.C. and S.D.C. and has accordingly not set forth any evidence in the moving papers that would allow this court to engage in the required evaluation. Because All-Clad has not met its burden under summary judgment law, this motion should be denied on the pleadings.

## II. FACTS

The Motion for Partial Summary Judgment accurately describes the Complaint. Motion, p. 2. The Complaint is the sole basis for Defendant All-Clad's factual assertions. Id.; Declaration of William J. Leedom (Feb. 3, 2010). All-Clad offers no evidence concerning the closeness of the relationship between the plaintiffs and their grandmother. Id.

## III. RESTATEMENT OF ISSUES PRESENTED

1. Whether a bystander plaintiff in a negligent infliction of emotional distress (NIED) claim is barred from recovery if he is not a person identified in this state's wrongful death statute?

2. Whether summary judgment should be denied when the moving party has failed to provide any evidence with which this court could evaluate the relationship between Mrs. Wilson and her grandsons as required under this common-law cause of action?

## IV. AUTHORITY

A. CR 56

**1. The burden shifts only after the moving party shows the absence of a fact issue.**

PLAINTIFFS' OPPOSITION TO DEFENDANT ALL-CLAD'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' NEGLIGENT INFLICITION OF EMOTIONAL DISTRESS CLAIMS– 2
C09-1802 RSL

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA  98104
Ph:  206/621-8525    Fax:  206/223-8224

1   The burden is upon the party moving for summary judgment to show there is no genuine dispute of a material fact, and "this burden cannot be shifted to the adversary." *Rossiter v. Moore*, 59 Wn.2d 722, 724 (1962). *Accord, Right-Price Recreation LLC v. Connells Prairie Community Council*, 146 Wn.2d 370, 381 (2002) ("moving party bears the initial burden of showing the absence of an issue of material fact"). Only "*after* the moving party has submitted adequate affidavits" does the burden shift to the non-moving party "to set forth specific facts sufficiently rebutting the moving party's contentions and disclosing the existence of material issues of fact." *Pain Diagnostics and Rehabilitation Associates v. Brockman*, 97 Wn.App. 691, 697 (1999) (italics added). Here, All-Clad has not submitted *any* affidavits, and relies solely on the Complaint for its factual assertions.

2.   **All-Clad did not shift the burden of proof to the grandchildren**.

All-Clad maintains that a bystander plaintiff in a NIED claim must be in the class of people listed in the wrongful death statute, RCW 4.20.020. Motion, pp. 3-6. Grandchildren are not listed in the statute and therefore All-Clad seeks dismissal of their NIED claims as a matter of law. Id. However, All-Clad misstates the law in this state. Whether a bystander can bring a NEID claim requires that the trial court evaluate the relationship to determine the closeness of the plaintiff and the victim.

Because All-Clad has offered no evidence whatsoever that would allow this court to conduct the requisite evaluation of the relationship between Mrs. Wilson and her grandsons, it has not met its initial burden under CR 56. *Pain Diagnostics*, 97 Wn.App. at 697. Because defendant has not met its burden, summary judgment should not be entered, irrespective of whether the non-moving party has submitted affidavits or other materials. *Jacobsen v. State*, 89

PLAINTIFFS' OPPOSITION TO DEFENDANT ALL-CLAD'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS– 3
C09-1802 RSL

**LAW OFFICES OF**
**JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98104
Ph:  206/621-8525    Fax:  206/223-8224

1  Wn.2d 104, 108, 569 P.2d 1152 (1977). This is true regardless of which party would have the

2  burden of proof at trial. *American Universal Ins. Co v. Ranson*, 59 Wn.2d. 811, 816 (1962).

### B.   Negligent Infliction of Emotional Distress

All-Clad's description of the law in this state relative to this common law cause of action is confusing to say the least. As but one example, All-Clad directs us to page 261 of the *Gain v. Carroll Mill Company* case to find a three-part test for NIED claims, but no such test is there. All-Clad even quotes non-existent language in *Gain* adding emphasis to the court's language. Motion, p. 4. It is not suggested that All-Clad's brief is in bad faith. But it is flawed and therefore a correct legal analysis is provided here.

The first inquiry is whether a bystander has a viable cause of action for NIED in this state when he witnesses injury to a third party. The answer is yes and All-Clad appears to concede this point. Motion, p. 4. Washington has adopted the bystander proximity rule. *Chan v. Society Expeditions, Inc.,* 39 F.3d 1398, 1409 (9th Cir. 1994) ("The third theory, adopted by nearly half the states, including California and Washington, is the 'bystander proximity' rule"). *Accord, Gain v. Carroll Mill Company*, 114 Wn.2d 254, 258 (1990) (applying rule).

The bystander proximity rule permits recovery, even if one is not in the zone of danger, provided the complainant: (1) is physically near the scene of the accident; (2) personally observes the accident; and (3) is closely related to the victim. *Chan*, 39 F.3d at 1409 citing *Dillon v. Legg*, 68 Cal.2d 728, 441 P.2d 912, 69 Cal. Rptr. 72 (1968); *Gain,* 114 Wn.2d at 258 (citing with approval the *Dillon* guidelines).

> *Dillon* directs the [Washington] courts to look at various factors to determine who can recover for the tort of negligent infliction of emotional distress including whether the plaintiff and victim are "closely related." Cases in California since *Dillon* have expressly held that a plaintiff must be closely related to recover for the negligent infliciton of emotional distress.

PLAINTIFFS' OPPOSITION TO DEFENDANT ALL-CLAD'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' NEGLIGENT INFLICITION OF EMOTIONAL DISTRESS CLAIMS– 4
C09-1802 RSL

**LAW OFFICES OF
JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98104
Ph:  206/621-8525   Fax:  206/223-8224

*Lindsey v. Visitec, Inc.*, 804 F.Supp. 1340, 1344 (1992). In fact, All-Clad admits that the test for bringing a NIED claim is to be "closely related to the victim." Motion, p. 4 (quoting *Gain*).

Applying the same *Dillon* test used in Washington, California courts have recognized grandchild bystander claims. *See*, *Vasguez-Gonzalez v. Superior Court (Stewart),* 231 Cal.Rptr. 458 (App. 4th Dist. 1986)). Thus, it <u>cannot</u> be said as a matter of law that grandchildren of an accident victim may *never* have the requisite close relationship that would support a NIED claim. Yet that is what All-Clad claims. Motion, p. 5.

In fact, a highly intimate relationship is not necessary. *Dillon* requires considering:

> Whether plaintiff and the victim were closely related, ***as contrasted with an absence of any relationship or the presence of only a distant relationship***.

*Gain* at 258, citing *Dillon* at 740,741 (emphasis added).

Whether a plaintiff in a NIED claim is closely related to the victim requires the court to look at facts of the relationship, and not just impose "artificial" barriers. *Dillon*, 68 Cal.2d at 747 (counseling against "artificial abstractions which bar recovery"). The facts concerning closeness, not the roster of relatives set forth in the wrongful death statute, is the measure of closeness in this state.

In sum, <u>Gain</u> requires evaluation of the relationship to determine if the plaintiff and the victim are closely related. However, in this motion, defendant has offered nothing whatsoever that would allow this court to undertake such an evaluation. Consequently, All-Clad has not proven absence of a genuine issue of material fact, and therefore this motion should be denied. CR 56.

**C.     Even if this court were to apply All-Clad's flawed legal analysis, this motion still fails.**

PLAINTIFFS' OPPOSITION TO DEFENDANT ALL-CLAD'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' NEGLIGENT INFLICITION OF EMOTIONAL DISTRESS CLAIMS– 5
C09-1802 RSL

**LAW OFFICES OF
JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98104
Ph:  206/621-8525    Fax:  206/223-8224

1   All-Clad seems to concede that our Supreme Court recognizes bystander NIED claims, and
2   that the *Dillon* guidelines apply in analyzing this common law cause of action.  To evade *Dillon*,
3   All-Clad relies on case law applicable to the tort of outrage (intentional infliction of emotional
4   distress).  Outrage, a cause of action generally disfavored by Washington courts, is not an issue
5   in this case.

6   First, All-Clad cites *Strickland v. Deaconess Hospital*, 47 Wn.App 262, 735 P.2d 74 (1987),
7   *review denied*, 108 Wn.2d 1028 (1987), a medical negligence case.  In that case, the Division III
8   court used the elements of "outrage" set forth in the Restatement (Second) of Torts, section 46
9   (1965), which limits plaintiffs to "immediate family members."  The court interpreted that term
10  to include those persons listed in the wrongful death statute, RCW 4.20.020, as having standing
11  to bring a claim.  But this has nothing to do with the tort of outrage and therefore *Strickland* is of
12  no help here.

13  All-Clad then cites *Shoemaker v. St. Joseph Hospital and Health Center*, 56 Wn.App.
14  575, 784 P.2d 562 (1990).  *Shoemaker* considered both an outrage claim as well as a NIED claim
15  related to a suicide that was witnessed by the mother of the deceased. The Division II court
16  agreed with Division III that in an outrage claim, "immediate family member" means the class of
17  relatives enumerated in RCW 4.20.020. *Shoemaker* at 580.  In terms of the NIED claim, the
18  *Shoemaker* court did not define or even touch on the meaning of "closely related" and/or "family
19  member" in the case before it.  However, in dicta, the court agreed with Division III as to the
20  meaning of "immediate family member" for purposes of deciding the outrage claim. *Shoemaker*
21  at 580.

22  Cases dealing only with NIED do not rely on the wrongful death statute to determine who
23  can bring a claim.  For example, in *Cunningham v. Lockard*, 48 Wn.App. 38, 736 P.2d 305

PLAINTIFFS' OPPOSITION TO DEFENDANT ALL-CLAD'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS– 6
C09-1802 RSL

**LAW OFFICES OF JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98104
Ph:  206/621-8525    Fax:  206/223-8224

(1987) (Div. II), the issue was whether the two minor children of a woman killed in an auto/pedestrian accident had standing to bring a NIED claim even though they were not present at the accident scene nor were they placed in peril. The *Cunningham* court never defined "immediate family member" and never referenced the wrongful death statute.

Since neither *Strickland* nor *Shoemaker* support All-Clad's argument that NIED claims are limited to those persons set out in RCW 4.20.020, and because All-Clad cites no cases that actually do support its proposition, this motion fails as a matter of law. There is simply no legal authority in Washington, anywhere, that defines "family member" in the context of an NIED claim as limited to persons listed in the wrong death statute.

**D.     R.S.C. and S.D.C. had a very close relationship with their grandmother.**

As explained above, the plaintiff-grandchildren bear no burden of proof here in opposing the partial summary judgment motion, because All-Clad failed to submit any affidavits showing the absence of a material factual dispute about the closeness of their relationship with their grandmother.  If such a burden did exist, however, it would easily be met.  R.S.C is now 15 years old and S.D.C. is 13.  In the attached declarations they describe their relationship with their grandmother ("Grammy") Marion Wilson.  As the court can see, this was not a "distant relationship" (*Dillon* at 740,741).  Mrs. Wilson was there for her grandsons from birth.  They saw each other every year of the boy's lives in Washington, Ohio, Florida and on vacation in Colorado.  Mrs. Wilson's summer visits were lengthy, lasting for weeks (she even purchased a membership at the local gym).  They shared football, television, the Bellevue Art Festival, painting, literature, cooking and the list goes on.  Equally as important, "Grammy" was a main caregiver to the boys when her daughter and her daughter's husband would travel.

PLAINTIFFS' OPPOSITION TO DEFENDANT ALL-CLAD'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' NEGLIGENT INFLICITION OF EMOTIONAL DISTRESS CLAIMS– 7
C09-1802 RSL

**LAW OFFICES OF
JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98104
Ph:  206/621-8525     Fax:  206/223-8224

In assessing the third element of the *Dillon* guidelines, the court in *Kriventsov v. San Rafael Taxicabs, Inc.*, 186 Cal.App. 3d 1445 (1986) considered the viability of a NIED claim in an uncle/nephew relationship. The court found the relationship to be "close, warm and loving" and therefore found the "closely related" element was satisfied.

Here, the undisputable evidence is that Marion Wilson shared a very close, warm and loving relationship with her grandsons. Therefore, summary judgment should be rejected.

## VI. CONCLUSION

For the foregoing reasons, Defendant All-Clad's motion for partial summary judgment dismissal of plaintiff's negligent infliction of emotion distress claims should be denied.

RESPECTFULLY SUBMITTED this 1st day of March, 2010.

LAW OFFICES OF JAMES S. ROGERS

/s/ James S. Rogers
James S. Rogers, WSBA #5335
William H. Waechter, WSBA #20602
Attorneys for Plaintiffs
1500 Fourth Avenue, Suite 500
Seattle, WA 98101
Tel: (206) 621-8525
Fax: (206) 223-8224
Email: jsr@jsrogerslaw.com

PLAINTIFFS' OPPOSITION TO DEFENDANT ALL-CLAD'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' NEGLIGENT INFLICITION OF EMOTIONAL DISTRESS CLAIMS– 8
C09-1802 RSL

LAW OFFICES OF
JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA  98104
Ph:  206/621-8525    Fax:  206/223-8224

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>William J. Leedom
>wleedom@bbllaw.com
>Counsel for Defendant All-Clad Metalcrafters, L.L.C.

>Benjamin I. VandenBerghe
>biv@mpba.com
>Counsel for Defendants General Electric Co. and Albert Lee Inc.

>/s/ James S. Rogers
>Of Attorneys for Plaintiffs

CERTIFICATE OF SERVICE – 1
C09-1802 RSL

**LAW OFFICES OF**
**JAMES S. ROGERS**
1500 Fourth Avenue, Suite 500
Seattle WA  98104
Ph:  206/621-8525     Fax:  206/223-8224